UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JERIEL ALEXANDER, ET AL., | : |
| Plaintiffs, | : No. 3:20-cv-1406-VLB |
| v. | : |
| | : October 27, 2022 |
| TOWN OF EAST HAVEN | : |
| Defendant. | : |

**ORDER AFFORDING PLAINTIFFS AN OPPORTUNITY TO SUPPLEMENT THEIR OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In reviewing Defendant's motion for summary judgment and supporting filings, [Dkts. 46, 47, 48], it has come to the Court's attention Plaintiffs, who are self-represented (also known as *pro se*), may not have a sufficient awareness of the consequences of summary judgment and their burden in overcoming it. The Court issues this order to provide Plaintiffs with information so they may understand the nature of the summary judgment process and the requirements for submitting evidence to support their claims. In light of deficiencies highlighted below, the Court affords Plaintiffs twenty-one (21) days to supplement their opposition materials to Defendant's motion for summary judgment.

I.  **SUMMARY JUDGMENT STANDARD**

The Court provides the following legal standard for the purpose of informing Plaintiffs of the nature and consequences of summary judgment. Defendant seeks summary judgment as to every claim raised by Plaintiffs in this action. If Defendant's motion for summary judgment is granted, judgment will be entered in favor of Defendant and the case will be closed.

1

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Coppola v. Bear Stearns & Co.*, 499 F.3d 144, 148 (2d Cir. 2007).  "Material facts are those which 'might affect the outcome of the suit under the governing law,' and a dispute is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Coppola*, 499 F. 3d at 148 (citing to *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (hereinafter "*Liberty Lobby*")).  But "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Wang v. Hearst Corp.*, 877 F.3d 69, 76 (2d Cir. 2017) (citing to *Liberty Lobby*, 477 U.S. 248)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact . . . ." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014).  "[W]here the nonmoving party will bear the burden of proof on an issue at trial, the moving party may satisfy its burden by 'point[ing] to an absence of evidence to support an essential element of the nonmoving party's' case."  *Id.* (citation omitted).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.* (citing to *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)).

> A party opposing summary judgment cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible. At the summary judgment stage of the proceeding, Plaintiffs are required to present admissible evidence in

2

support of their allegations; allegations alone, without evidence to back them up, are not sufficient.

*Welch–Rubin v. Sandals Corp.*, No. 3:03-cv- 481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) (internal quotation marks and citations omitted); *Martinez v. State of Connecticut*, 817 F. Supp. 2d 28, 37 (D. Conn 2011).

Allegations that "are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). An allegation is conclusory "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *id.* at 678, offers "'a formulaic recitation of the elements of a cause of action,'" *id.*, and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007). While legal conclusions "can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

In support of their opposition to Defendant's motion for summary judgment, Plaintiffs provided their own affidavits and copies of the incident reports that are already in the record through Defendant's motion for summary judgment. Plaintiffs appear to be relying exclusively on the allegations contained in their affidavits to support their opposition. However, Plaintiffs' affidavits contain conclusory allegations, which cannot satisfy their burden in overcoming summary judgment.

One example of a conclusory allegation in Plaintiffs' affidavits is at paragraph 4, where they state: "Chief Edward Lennon of EHPD knew that EHPD has engaged in a pattern or practice of misconduct that deprive Plaintiffs of privilege of rights, and constitution of law by United States."  [Dkt. 52]. This

3

allegation is conclusory because it does nothing more than recite an element of a *Monell* claim[1], which is the only actionable claim in this case. As detailed above and in the attached materials, Plaintiff must do more than provide mere recitations of the elements of their claim. They must provide admissible evidence to support those claims.

## II.    REASON FOR AFFORDING OPPORTUNITY TO SUPPLEMENT

Under the Local Rules of the District, Defendant is required to send Plaintiffs a "Notice to Self-Represented Litigant Concerning Motion for Summary Judgment as Required by Local Rule of Civil Procedure 56(b)." Loc. Civ. R. 56(b). In addition, Defendant is required to attach the full text of Rule 56 of the Federal Rules of Civil Procedure and of the Local Civ. Rule 56. *Id.* Defendants have not provided a certification or other indication that they complied with this requirement. The failure to comply with the Local Rule 56 could limit the Court's ability to adjudicate the motion at this time. *See McPherson v. Coombe*, 174 F.3d 276 (2d Cir. 1999) (finding reversible error in granting a motion for summary judgment against a pro se litigant where neither the moving party nor the district court notified the pro se litigant of the requirements of Rule 56). While it could be argued that Plaintiffs appear to understand the nature and consequences of summary judgment, the Court affords this opportunity out of an abundance of caution.

---

[1] To state a claim under § 1983 against a municipality, a plaintiff must show "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). A plaintiff must prove "both the existence of a municipal policy or custom and a causal connection between that policy or custom and the deprivation of [her] constitutional rights." *Dodd v. City of Norwich*, 827 F.2d 1, 5 (2d Cir. 1987).

4

## ORDER

For the above reasons, Plaintiffs are afforded twenty-one (21) days to supplement their opposition should they have any additional evidence to support their claims.

IT IS SO ORDERED.

                                               /s/
                                    Hon. Vanessa L. Bryant
                                    United States District Judge

Dated this day in Hartford, Connecticut: October 27, 2022